Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JOSUÉ ORTIZ COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00228 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación acogida como *Mandamus*[1]<br><br>Resolución de Reconsideración: ICG-502-2025<br><br>Sobre: Solicitud de Servicio de Aspectos Legales |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2025.

El 11 de septiembre del año en curso, el señor Josué Ortiz Colón (señor Ortiz Colón o recurrente) compareció ante este Tribunal de Apelaciones por medio de un recurso de *Mandamus*, por derecho propio y como indigente.[2] En este, solicitó que intervengamos con la *Resolución* emitida el 14 de agosto de 2025, notificada el día 22, por la División de Remedios Administrativos (en adelante, DRA) del Departamento de Corrección y Rehabilitación (en adelante, DCR o recurrida).[3]

---

[1] El recurrente acompañó su escrito con las determinaciones administrativas que atendieron y dispusieron de su solicitud de remedio administrativo ICG-502-2025. Al ser así, aunque tituló su recurso como un auto de *Mandamus,* de primera instancia este se acogió como uno de revisión judicial. No obstante, una lectura de su contenido, así como de los remedios allí incluidos nos permite realizar que, en efecto, el señor Ortiz Colón acude ante nos en mandamus para que le ordenemos al Departamento de Corrección y Rehabilitación a cumplir con sus deberes ministeriales. Siendo así, acogemos el recurso de epígrafe como un auto de mandamus, aunque retendrá la identificación alfanumérica originalmente asignada.

[2] Así fue autorizado por este Tribunal de Apelaciones mediante *Resolución* del 16 de septiembre de 2025. SUMAC TA, Entrada Núm. 3.

[3] SUMAC TA, Entrada Núm. 1, Apéndice del Recurrente, Anejo V, a las págs. 14-16.

Estudiado el legajo apelativo y los documentos que este contiene, en consideración del derecho aplicable que adelante expondremos, conforme a las disposiciones de la Regla 83(C) de nuestro Reglamento, *supra*, **desestimamos** el recurso por ser académico. Veamos.

I.

En el escrito presentado, motivado por la advertencia que este Tribunal de Apelaciones hiciera en la *Sentencia* emitida el 21 de febrero de 2025 en el recurso KLRA2024000667,[4] el recurrente instó el *Mandamus* de epígrafe. Así, y debido a que, a su entender, el DCR había incumplido con su deber ministerial de emitir una determinación final sobre su solicitud para participar del proyecto de reinserción a la comunidad, nos pide que le ordenemos al DCR a cumplir con su obligación y atender su petitorio en los próximos diez (10) días.

Ahora, al atender el recurso le ordenamos al DCR a comparecer a someter su posición. En cumplimiento con ello, el 15 de octubre de 2025, presentó *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. Allí, indica que el 10 de enero de 2025, notificada el 7 de febrero de 2025, la Oficina de Programas y Servicios Correccionales del DCR emitió la decisión final y denegó la participación del señor Ortiz Colón en el Programa de Pre Reinserción, pues tal cual le fue indicado, debía observar ajustes por un año adicional. Informa el DCR que el recurrente solicitó reconsideración de esta decisión y que esta fue denegada mediante una *Resolución* de 5 de marzo de 2025, notificada el 13 de marzo de 2025. El DCR sometió copia del aviso de evaluación en la que se le notificó que el caso no era favorable, así como de la Resolución que deniega su reconsideración.[5]

---

[4] En el aludido dictamen se exhortó al DCR a atender diligentemente la solicitud original del señor Ortiz Colón, advirtiéndole que su inacción podía acarrear que el recurrente presentara un recurso de *mandamus*. Véase, *Sentencia* emitida el 21 de febrero de 2025 en el recurso núm. KLRA202400667, de la que tomamos conocimiento judicial.

[5] Véase páginas 4-6 del Apéndice del DCR. (Entrada SUMAC-TA #5)

II.

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Freire v. Morales Román, 2024 TSPR 129 215 DPR ____; al mencionar a Munc. Aguada v. W Cost. Y Recovery Finance, 214 DPR 432 (2024) y Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a R&B Power, Inc. v. Junta de Subasta ASG, 213 DPR 685, 698 (2024) y Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020). Por ende, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. Allied Mgmt. Group v. Oriental Bank, *supra* a la pág. 387; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. Freire v. Morales Román, *supra.*

Un caso se convierte en académico cuando "la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque

ocurrieron cambios en los hechos o en el derecho y esta se vuelve inexistente. Super Asphalt Pavement Corp. vs. AFI, 206 DPR 803 (2021), al citar a Pueblo v. Díaz, Rivera, 204 DPR 472, 481 (2020). Una vez se determina que el caso es académico, los tribunales deben abstenerse de considerarlo. *Id.*

### III.

Como puede observarse, el recurrente acude ante nos solicitando que le ordenemos al DCR a emitir una determinación final que, no solo ya se emitió, sino que la misma fue objeto de reconsideración y hoy en día es final y firme. Por consiguiente, habiéndose emitido la respuesta final solicitada, el asunto ante nuestra consideración se ha tornado académico.

### -IV-

Por los fundamentos que anteceden, desestimamos el recurso de epígrafe por falta de jurisdicción por ser académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones